The Palmer National Bank v. Lewis, 193 Ill. App. 379.

---

# The Palmer National Bank, Appellant, v. J. V. Lewis, Appellee.

## Gen. No. 6,019.   (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 15, 1915.

## Statement of the Case.

Action brought by The Palmer National Bank against J. V. Lewis on a promissory note which the plaintiff claimed to have acquired before maturity by assignment from the Wendle Remedy Company. The defendant pleaded want and failure of consideration and denied that the plaintiff obtained the note before maturity. From a judgment in favor of defendant, plaintiff appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The defendant made a motion for a new trial which the record did not show was passed upon by the court; neither did the record contain any assignment of errors as required by Rule 12.

The evidence tended to show that the note was given by the defendant to the Wendle Remedy Company in consideration of the right to the sole use of a remedy in Kankakee; and for fifty shares of the stock of the company to be issued to the plaintiff. A receipt given the defendant for the note showed that in the event that the stock was not issued to him that the consideration for the note would be refunded. The stock was never issued to the defendant although he made a demand for it; and thereafter the Wendle Remedy Company allowed its incorporation to lapse, and legally went out of existence. The preponderance of the evidence tended to show that the plaintiff did not acquire the note until after maturity.

There was evidence tending to show that after maturity the note was seen unindorsed in the possession of the bank of Momence for collection. The plaintiff showed that the note was indorsed when it was delivered to it some time before maturity. The court refused to permit the plaintiff to show by a bank examiner that on two occasions between March 5th and December 2, 1910, he found the note in the files of The Palmer National Bank; but the plaintiff did not offer to prove that the occasions referred to were the same times when the defendant showed that the note was in the possession of the Bank of Momence.

GOWER, COOPER, HOBBIE & PARISH and RALPH B. HOLMES, for appellant.

E. P. HARNEY and T. W. SHIELDS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

# Abstract of the Decision.

1. Appeal and error, § 1035*—*necessity for assignment of error.* There is nothing open to review where the record on appeal does not contain any assignment of errors as required by Rule 12.

2. Appeal and error, § 601*—*when weight of evidence open to review.* Whether the weight of evidence sustains a verdict can be considered on appeal only when the question is raised by a motion for a new trial and overruled by the trial court.

3. Appeal and error, § 601*—*when weight of evidence open to review.* Whether a verdict is against the weight of the evidence cannot be considered on appeal, where the record fails to show that the trial court ruled on a motion for a new trial on such ground.

4. Bills and notes, § 423*—*what admissible to show acquisition of note before maturity.* In an action by a bank as a subsequent holder of a note by assignment, where the defense is that it was acquired after maturity, as well as a failure of consideration, the refusal to permit the plaintiff to show by a bank examiner that on two occasions he saw the note after maturity in the files of the plaintiff bank, is not erroneous, where it did not appear that such occasions were the same as the defendant's witnesses testified, that they saw the note unindorsed after maturity in the possession of another bank for collection.

5. Bills and notes, § 443*—*when failure of consideration shown.* That the consideration for a note had failed, *held* shown by evidence that it was given in consideration for the exclusive right to use a remedy in a certain town, and also for shares of stock of a corporation to be subsequently issued to the maker or the consideration for the note returned, where the stock was not issued him on demand, and the corporation subsequently allowed its incorporation to lapse.

6. Bills and notes, § 56*—*when failure of consideration defense to note in hands of transferee after maturity.* The refusal of a corporation, which thereafter allowed its incorporation to lapse, to issue shares of its stock to the maker of a note which was given in consideration thereof, renders the note unenforceable by one who acquired it after maturity.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.